1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7    MICHAEL E. HENRY, et al.,

8                                        Plaintiffs,

9    v.

10   DAVID CRAIG CONKLIN and SUSAN
     CONKLIN, et al.,

11                                       Defendants.

NO:  CV-12-5038-RMP

ORDER GRANTING THE
FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO
DISMISS

12

13       Before the Court is a motion to dismiss by Defendant Federal Deposit

14   Insurance Corporation ("FDIC"), ECF No. 14.  Oral argument was held on this

15   matter.  The Court has reviewed the motion, the memoranda filed in support and

16   opposition, the parties' declarations, all other relevant filings, and is fully

17   informed.

18                            **BACKGROUND**

19       According to the complaint, ECF No. 1, Plaintiff SMI Group XV, LLC

20   ("SMI") is a Washington limited liability company.  SMI sought a loan from Bank

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS ~ 1

of Whitman.  Plaintiff Michael Henry, apparently acting as an agent for SMI, met with Defendants and Bank of Whitman employees, Craig Conklin and James Tribbett, for the purpose of closing the loan.  During the close of the loan, Mr. Henry executed a commercial guaranty that rendered him personally liable for repayment of the loan.  Mr. Henry also executed a memorandum of understanding ("MOU") in which Bank of Whitman agreed to limit or eliminate Mr. Henry's personal liability to repay the loan on condition that SMI acquire through foreclosure one or two specific parcels of real property and pledge those parcels as collateral against the loan.

SMI was able to acquire one of the two parcels of real property, but before it could pledge that parcel as collateral on the loan, the FDIC was named as receiver for Bank of Whitman.  SMI communicated to the FDIC that it wished to pledge its real estate as collateral and to reduce Mr. Henry's personal liability on the loan pursuant to the MOU.   However, the FDIC declined Mr. Henry's invitation and challenged the enforceability of the MOU.  The FDIC asserted that there was no record that Bank of Whitman's board of directors had approved the MOU and asserted that the MOU was not found in the official records of the Bank of Whitman.

The Plaintiffs filed the instant action seeking a declaration that either the commercial guaranty is void or that the MOU is enforceable against the FDIC as

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE CORPORATION'S MOTION TO DISMISS ~ 2

1    receiver of the Bank of Whitman.  Additionally, Plaintiffs sued Defendants

2    Conklin and Tribbett for negligence for allegedly failing to continuously maintain

3    the MOU in the records of the Bank of Whitman and for failing to record the board

4    of directors' approval of the MOU in the official minutes or, alternatively, failing

5    to procure such approval.

6        After Plaintiffs filed this action, the FDIC filed an action, CV-12-5056-

7    RMP, against Mr. Henry and SMI involving many of the same issues that are

8    presented by this action.  The FDIC also filed this motion arguing that this Court

9    lacks subject matter jurisdiction to hear Plaintiffs' claims for declaratory relief.

10   Alternatively, the FDIC argues that this Court should decline to exercise its

11   declaratory jurisdiction and dismiss Plaintiffs' claims against the FDIC in favor of

12   case number CV-12-5056-RMP.

13                          **APPLICABLE LAW**

14       A motion to dismiss under Fed.R.Civ.P. 12(b)(1) addresses the court's

15   subject matter jurisdiction.  Federal courts have limited jurisdiction. *Kokkonen v.*

16   *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  "A federal court is presumed to

17   lack jurisdiction in a particular case unless the contrary affirmatively appears."

18   *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989).

19   Limits on federal jurisdiction must be enforced.  *Owen Equipment & Erection Co.*

20   *v. Kroger*, 437 U.S. 365, 374 (1978).  A plaintiff bears the burden to establish that

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS ~ 3

subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377; *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir.1992).

## DISCUSSION

The FDIC's first argument is that this Court lacks jurisdiction under 12 U.S.C. § 1821(d)(13)(D) because Plaintiffs failed to exhaust their administrative remedies. Under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), the FDIC may be appointed receiver of state depository institutions. 12 U.S.C. § 1821(c). As receiver, the FDIC is empowered to resolve claims made against the depository institution in receivership. § 1821(d)(3). FIRREA establishes a process for the handling of claims by the FDIC. *See* § 1821(d)(5)-(8). FIRREA places limits on the ability of claims to be brought outside of the claims process. Specifically, § 1821(d)(13)(D) reads:

> Limitation on judicial review. Except as otherwise provided in this subsection, no court shall have jurisdiction over—
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS ~ 4

1  "The phrase 'except as otherwise provided in this subsection' refers to a provision

2  that allows jurisdiction after the administrative claims process has been

3  completed."  *McCarthy v. FDIC*, 348 F.3d 1075, 1078 (9th Cir. 2003).

4        The FDIC argues that this Court lacks jurisdiction over Plaintiffs' claims

5  because Mr. Henry failed to first pursue his claims through FIRREA's

6  administrative claims process.  The Plaintiffs do not contest that Mr. Henry failed

7  to file an administrative claim.  The Plaintiffs assert, however, that their

8  declaratory judgment action may proceed against the FDIC because Plaintiffs'

9  claims fall outside the scope of FIRREA's exhaustion requirement.  Specifically,

10  Plaintiffs assert that exhaustion is not required because Plaintiffs make no claim

11  against the assets of the Bank of Whitman and because Plaintiffs seek only

12  equitable relief based on the FDIC's breach of contract.

13        The Plaintiffs' argument involves the complicated interplay between three

14  Ninth Circuit cases interpreting the exhaustion requirement of § 1821(d)(13)(D).

15  In *In re Parker N. Am. Corp.*, 24 F.3d 1145 (9th Cir. 1994), Parker North

16  American Corporation ("PNA") borrowed $10 million from Sooner Federal

17  Savings and Loan Association ("Sooner").  *Id.* at 1148.  After repaying $4.65

18  million to Sooner, PNA filed for Chapter 11 bankruptcy.  *Id.*  PNA then filed an

19  adversary action against Sooner seeking to recover the $4.65 million as a

20  preferential transfer.  *Id.*   Sooner filed proofs of claim before the bankruptcy court

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS ~ 5

1    seeking payment on the $10 million loan.  Shortly thereafter, the Office of Thrift

2    Supervision declared Sooner insolvent and appointed the Resolution Trust

3    Corporation ("RTC") as receiver of Sooner pursuant to FIRREA.  *Id.*

4         The RTC moved for summary judgment in PNA's preference action before

5    the bankruptcy court.  *Id.* at 1149-50.  The bankruptcy court granted the summary

6    judgment motion on the basis that the bankruptcy court lacked jurisdiction because

7    PNA had failed to exhaust its administrative remedies under FIRREA.  *Id.* at 1150.

8    The district court reversed the bankruptcy court, concluding that the bankruptcy

9    code, specifically 11 U.S.C. § 106(a), provided the bankruptcy court with

10   independent jurisdiction over PNA's adversary action.  *Id.*  While the Ninth Circuit

11   rejected the district court's conclusion that § 106(a) independently provided

12   jurisdiction to the bankruptcy court, the Ninth Circuit concluded that FIRREA did

13   not strip jurisdiction because FIRREA's exhaustion requirement applied only to

14   creditors, not debtors.  *Id.* at 1152.  The Ninth Circuit added that holding otherwise

15   would undermine the bankruptcy system by preventing the bankruptcy court from

16   allowing claims filed by the RTC.  *Id.*

17        In *Sharpe v. FDIC*, 126 F.3d 1147 (9th Cir. 1997), the Ninth Circuit again

18   had occasion to interpret § 1821(d)(13)(D).  *Sharpe* involved a real estate

19   foreclosure action.  126 F.3d at 1150.  The parties to the action entered into a

20   settlement agreement in which Pioneer Bank was to pay Whitney and Mona

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS ~ 6

Sharpe $510,000 by wire transfer. *Id.* The Sharpes were required to simultaneously deliver a promissory note they had executed with a third party, deliver the deed of trust to the real property at issue, and execute a request for reconveyance of the deed of trust. *Id.* The Sharpes delivered and executed the necessary documents. *Id.* However, instead of paying the Sharpes by wire transfer, Pioneer Bank provided the Sharpes with two cashier's checks totaling $510,000. *Id.* at 1150-51. After the documents and cashier's checks were exchanged, but before the Sharpes had deposited the cashier's checks, Pioneer Bank was seized by state regulators and the FDIC was appointed receiver of the bank. *Id.* at 1151. The FDIC informed the Sharpes that it would not honor the cashier's checks. *Id.*

The Sharpes filed suit against the FDIC in federal district court seeking enforcement or rescission of the settlement agreement. *Id.* The parties, by joint stipulation, stayed the action pending resolution of the Sharpes' administrative claim before the FDIC. *Id.* The FDIC "'allowed'" the Sharpes' claim and provided the Sharpes with $100,000 in cash and a $380,000 receiver's certificate. *Id.* The stay of the district court action was lifted, and the district court granted the FDIC's motion to dismiss for lack of jurisdiction based on its conclusion that "allowed" claims were not reviewable pursuant to § 1821(d)(13)(D). *Id.* The Sharpes appealed.

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS ~ 7

The Ninth Circuit, instead of determining whether allowance of a claim in FIRREA's administrative process precluded review in the district court, concluded that the Sharpes' claim fell outside of the scope of § 1821(d)(13)(D) and did not require exhaustion. *Id.* at 1156. The panel held that the exhaustion requirement of § 1821(d)(13)(D) applied to creditors of the FDIC and that the Sharpes were not creditors of the FDIC. *Id.* The court rejected the FDIC's argument that the Sharpes' acceptance of the cashier's checks rendered them creditors for the purposes of FIRREA. *Id.* The court concluded that but for the FDIC's breach of the settlement agreement, the whole $510,000 would have been wire transferred to the Sharpes concurrently with the Sharpes' performance under the settlement agreement. *Id.* Accordingly, but for the FDIC's breach, the Sharpes would not be owed money by the bank, and could not be construed as creditors. *Id.* To allow the FDIC to rely on the exhaustion requirement of FIRREA would not only result in the FDIC being "free to breach any pre-receivership contract, keep the benefit of the bargain, and then escape the consequences by hiding behind the FIRREA claims process," but would also "effectively preempt state contract law." *Id.* In short, the court held that the Sharpes were not creditors of the FDIC because "[t]he Sharpes [were] a party to a pre-receivership contract breached by the FDIC, and they retain the rights accompanying that contract notwithstanding the appointment of the FDIC as receiver." *Id.*

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS ~ 8

More recently in *McCarthy v. FDIC*, 348 F.3d 1075 (2003), the Ninth Circuit had an occasion to revisit the holdings in *Parker* and *Sharpe*. Ralph McCarthy was negotiating a loan with Superior Bank, F.S.B. ("Superior") when the bank failed and the FDIC was appointed as receiver. *McCarthy*, 348 F.3d at 1076. Despite being in receivership, a division of Superior continued with the loan process to Mr. McCarthy. *Id.* at 1077. Initially, Superior approved a $117,400 loan for Mr. McCarthy secured by ten acres of Mr. McCarthy's property. *Id.* Ultimately, however, Mr. McCarthy entered into a loan agreement for $138,000 secured by thirty five acres of land at a higher interest rate. *Id.* Mr. McCarthy eventually brought suit in federal court alleging that he was coerced into entering the second loan, and that he would not have entered the loan agreement had he known Superior was in receivership. *Id.* Mr. McCarthy sought an offset of $50,400 against the amount owed on the loan and a reduction in his interest rate. *Id.* The district court dismissed Mr. McCarthy's claim for lack of jurisdiction.

On appeal, Mr. McCarthy argued that the exhaustion requirement did not apply to him because, under *Sharpe* and *Parker*, he was a debtor and not a creditor. *Id.* The Ninth Circuit noted that *"Sharpe* was an unusual case." *Id.* at 1078. While recognizing that the *Sharpe* court had concluded that the Sharpes were not creditors as part of its holding that FIRREA's exhaustion requirement did not apply, the *McCarthy* court observed that the Sharpes also were not debtors. *Id.*

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE CORPORATION'S MOTION TO DISMISS ~ 9

1    Accordingly, the *Sharpe* decision did not address whether exhaustion was required

2    of debtors.  *Id.*  While *Parker* did address debtors, the *McCarthy* court limited

3    *Parker*'s holding to the bankruptcy context.  *Id.*  The *McCarthy* court concluded

4    that "[a]part from claims made in the context of a bankruptcy proceeding or arising

5    out of a breach of contract in the circumstances present in *Sharpe*, . . . a claimant

6    must complete the claims process before seeking judicial review."  *Id.* (citing

7    *Henderson v. Bank of New Eng.*, 986 F.2d 319, 321 (9th Cir. 1993)).

8        Plaintiffs in this case recognize that, after *McCarthy*, whether they are

9    labeled creditors or debtors is not dispositive.  Plaintiffs argue, however, that

10   *McCarthy* stands for the proposition that only claims seeking money from the bank

11   in receivership require exhaustion.  However, *McCarthy* gave effect to the full

12   language of § 1821(d)(13)(D) which requires exhaustion for "any claim or action

13   for payment" and also for "any action seeking a determination of rights with

14   respect to, the assets of any depository institution for which the Corporation has

15   been appointed receiver."  § 1821(d)(13)(D)(i).  While Mr. McCarthy sought

16   $50,400 as part of his claim, he also sought a reduction in his interest rate.

17   *McCarthy*, 348 F.3d at 1077.  The *McCarthy* court concluded that claims to

18   "lower[] the interest rate and restrict[] remedial options that are available to the

19   receiver" are subject to FIRREA's exhaustion requirement.  *Id.* at 1079.

20   Accordingly, the exhaustion requirement "applies . . . to debtors with claims such

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS ~ 10

as McCarthy's that affect the assets of a failed institution." *Id.* at 1080.  In short, *McCarthy* stands for the proposition that both monetary and nonmonetary claims require exhaustion.  *Id.* at 1079 (citing *Henderson*, 986 F.2d at 321).

The Henrys' claims seek either to rescind Mr. Henry's personal guaranty on the Bank of Whitman note or to give effect to the MOU and reduce Mr. Henry's personal liability.  A declaration to either effect would "affect the assets of" the Bank of Whitman and would "restrict[] remedial options that are available to the receiver." *Id.* at 1079-80.  Accordingly, the Plaintiffs' claims against the FDIC are within the scope of § 1821(d)(13)(D) as interpreted in *McCarthy*.

*McCarthy* did not foreclose all relief available under the logic of *Sharpe*, and claims "arising out of a breach of contract in the circumstances present in *Sharpe*" remain free of the exhaustion requirement. *Id.* at 1079.  Plaintiffs repeatedly analogize the facts alleged in their complaint to the facts in *Sharpe*; however, *Sharpe* is distinguishable.

The *Sharpe* court relied on the fact that in breaching the contract with the Sharpes the FDIC relied on no specific statutory authority. *See Sharpe*, 126 F.3d at 1157 ("Had the FDIC followed the §1821(e) procedure in disaffirming the settlement agreement with the Sharpes, this would have been a very different case.").  In the present case, the FDIC's refusal to give effect to the MOU is based on a specific statute that invalidates any agreement "which tend[s] to diminish or

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS ~ 11

defeat the interest of the [FDIC] in any asset acquired by it" where the agreement is, among other things, not approved by the board of directors of the depository institution nor maintained continuously in the official records of the depository institution.  12 U.S.C. § 1823(e)(1)(C)-(D).  As the FDIC is working pursuant to a specific statutory section, the dangers identified in *Sharpe* are not present.

Plaintiff's argument, in effect, asks the Court to conclude that the exhaustion requirement does not apply whenever the FDIC invalidates an agreement under § 1823(e).  The plain language of § 1821(d)(13)(D) and § 1823(e)(1) belies such a conclusion because § 1823 invalidates only those agreements "which tend[] to diminish or defeat the interest of the [FDIC] in any asset acquired by it under" FIRREA, § 1823(e)(1), and exhaustion applies to "any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver," § 1821(d)(13)(D)(i).

The Court concludes that a determination that an agreement diminishes or defeats the interest of the FDIC in an asset is necessarily a determination of rights with respect to that asset.  In light of the fact that the FDIC's basis for not honoring the MOU is § 1823(e), the *Sharpe* exception to the exhaustion requirement does not apply.

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS ~ 12

1    Beyond the trio of *Sharpe*, *Parker*, and *McCarthy*, the Plaintiffs rely heavily

2   on the Ninth Circuit's decision in *Resolution Trust Corp. v. Midwest Fed. Sav.*

3   *Bank*, 36 F.3d 785 (9th Cir. 1993), for the prospect that the exhaustion requirement

4   does not apply to claims seeking equitable relief.  However, *Resolution Trust*'s

5   holding is not nearly so broad.  *Resolution Trust* stands for the proposition that a

6   defendant to an action brought by a corporation acting as a receiver under FIRREA

7   is not barred from raising unexhausted affirmative defenses where the defendant

8   was not a creditor of the receiver and where the defendant "had no independent

9   basis for filing a claim against" the receiver.  *Id.* at 793.  In short, *Resolution Trust*

10  is about affirmative defenses, not equitable claims.

11    Finally, to the degree that the Plaintiffs make a more general argument that

12  they should not be subject to the exhaustion requirement because their claims are

13  simply not "'susceptible of resolution through the claims procedure,'" *Henderson*,

14  986 F.2d at 321 (quoting *Rosa v. Resolution Trust Corporation*, 938 F.2d 383, 391

15  (3d Cir. 1991)).  However, the record contradicts that assertion because SMI

16  brought similar claims through the FDIC administrative process.  ECF No. 32 at 7.

17  Nothing in the record or language of FIRREA suggests that the Henrys' claims

18  would not be amenable to resolution through the administrative process.

19  / / /

20  / / /

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS ~ 13

1

**CONCLUSION**

2   FIRREA deprives courts with jurisdiction over claims that could have been

3   brought through FIRREA's administrative claims process but were not brought

4   through that process.  § 1821(d)(13)(D).  Plaintiffs did not bring the claims alleged

5   in the above-captioned complaint through FIRREA's administrative claim process.

6   There is no basis in the record or the law for the Court to conclude that Plaintiffs'

7   claims against the FDIC are not susceptible to resolution through FIRREA's claim

8   procedures.  Plaintiffs' claim for rescission and Plaintiffs' claim for enforcement of

9   the MOU would affect the assets of the FDIC as receiver for Bank of Whitman.

10   Accordingly, such claims are within the scope of § 1821(d)(13)(D)'s exhaustion

11   requirement.  *McCarthy*, 348 F.3d at 1080.  Therefore, this Court lacks jurisdiction

12   to hear Plaintiffs' claims against the FDIC.

13   The Plaintiffs' claims against the Conklin and Tribbett Defendants arise

14   under state law.  The Plaintiffs' complaint alleges that this Court may exercise

15   supplemental jurisdiction over those state-law claims in light of the Plaintiffs'

16   declaratory judgment action against the FDIC.  As this Court has concluded it

17   lacks jurisdiction over Plaintiffs' claims against the FDIC, the Court has no basis

18   to assert original jurisdiction in this action and, consequently, no basis to extend

19

20

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS ~ 14

supplemental jurisdiction over the state-claims.[1]  *See Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995).   Accordingly, the Plaintiffs' state-law claims will be dismissed.

Accordingly, **IT IS HEREBY ORDERED:**

1.  The FDIC's motion to dismiss, **ECF No. 14**, is **GRANTED**.

2.  The Plaintiffs' complaint is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

3.  No costs or fees will be taxed to any party.

4.  Judgment shall be entered.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel, and to **CLOSE** this file.

**DATED** this 4th day of December 2012.

_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

---

[1]Even if the Court had discretion to exercise supplemental jurisdiction in this case, the Court would decline such an exercise where no federal question remains. This case has not yet proceeded to discovery; as a result, the Court's interest in judicial economy does not strongly favor retention.  Similarly, nothing in the record suggests that this federal forum would provide a more convenient or fair forum for determination of the Plaintiffs' state-law issues.  Therefore, the interest of comity controls and directs this Court to dismiss this case for want of subject matter jurisdiction.

ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION TO DISMISS ~ 15